IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WENDALL DUNCAN                                                                                    PLAINTIFF

versus                                                                CIVIL ACTION NO. 2:07-cv-145-KS-MTP

BETH HILLMAN, et al.                                                                          DEFENDANTS

**ORDER**

This cause comes before the court on plaintiff's motions to consolidate [4] and for leave to proceed in forma pauperis relief under imminent danger of serious physical injury [5] as well as his exhibits [6] and affidavit of facts [7]. On August 1, 2007, this court entered an order denying plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). Having reviewed the motions and other documents and liberally construing same, this court has determined that the plaintiff's motions are without merit and will be denied.

The plaintiff argues that he should be allowed to proceed as a pauper in this action under the exception provision of 28 U.S.C. § 1915(g), "imminent danger of serious physical injury." The court finds plaintiff's allegations regarding the conditions of his confinement specifically the claims of retaliation, being threatened, and the defendants' failure to place him in a single cell and assign him a bottom bunk insufficient to meet the threshold requirement of imminent danger of serious physical injury. See Edmond v. Texas Dep't of Corrections, et al., No. 97-10819, 97-11170, 97-11202 (5th Cir. Oct. 7, 1998)(unpublished)(allegations about the quality of medical care, including delay in medical care for fractured jaw, found insufficient to satisfy the § 1915(g) exception); Humphrey v. Lopez, No. 5:04-cv-94, 2004 WL 980512, at * 2 (N.D.Tex. May 6,

2004)(allegations of delay in medical care due to racial discrimination fail to establish imminent danger of serious physical injury); Bankhead v. King, No. 03-142, 2003 WL 21529822, at *3 (N.D.Tex. July 7, 2003)(allegations that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, and that these actions were in part racially motivated failed to establish imminent danger of serious physical injury); Cain v. Shilling, No. 799-CV-898, 2001 WL 515263, *2 (W.D. Va. Mar. 14, 2001)(imminent danger not established when prisoner alleged he did not receive the treatment he believed necessary); Ford v. Foti, No. 01-1970, 2001 WL 845461, at *2 (E.D.La. July 25, 2001)(allegations of missed appointment for circumcision and prison doctors failure to treat him progressively for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); Gallagher v. McGinnis, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000)(allegations of inadequate medical care for excruciating pain and ambulatory difficulties exacerbated by prisoner's work assignments and the prison officials' indifference to his medical needs failed to establish danger of serious physical injury); Carson v. TDCJ-ID, No. 2:98-CV-0397, 1998 WL 906989, at *1 (N.D.Tex. Dec. 17, 1998)(allegations of inadequate medical care for plaintiff's hearing loss and failure to assign him to work compatible with his medical needs and medication were insufficient to overcome the prohibition under § 1915(g)).  In sum, the plaintiff's complaint fails to establish that he was under imminent danger of serious physical injury at the time of filing this complaint.  Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir. 1998).  The plaintiff's motions fail to alter the reasoning and conclusion of the order [3] entered August 1, 2007.  Accordingly, it is hereby,

ORDERED:

1. That the plaintiff's motions to consolidate [4] and for leave to proceed <u>in forma pauperis</u> [5] are **denied**.

2. That the plaintiff is warned that he has 15 days from the entry of this order to pay the $350.00 filing fee in this action.

3. That the plaintiff is warned that failure to pay the $350.00 filing fee within the 15 day period *will result* in the dismissal of this civil action without further written notice to the plaintiff.

**SO ORDERED AND ADJUDGED,** this the <u>30th</u> day of August, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE