**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**WENDELL DUNCAN, #32736**                                                                                    **PLAINTIFF**

**VS.**                                                                            **CIVIL ACTION NO. 2:07cv145-KS-MTP**

**BETH HILLMAN, ET AL**                                                                                   **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

  This cause comes before this court *sua sponte* for consideration of dismissal. On August1, 2007 an order was entered denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee, within thirty days. The plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice. Instead of paying the filing fee, the plaintiff filed a [4] Motion to Consolidate Continually Imminent Danger to the Plaintiff's Health and filed another [5] Motion for Leave to Proceed *In Forma Pauperis* under the imminent danger theory. On August 30, 2007, the above described motions [4][5]were denied and Plaintiff was again warned that he had fifteen days from the entry of the order to pay the $350.00 filing fee and that failure to pay the filing fee within the fifteen day period would result in dismissal of this civil action without further written notice to

  On August 30, 2007, a Motion to Amend or Correct was filed by Plaintiff and on September 17, 2007 a Motion for Reconsideration was filed. On September 21, 2007 the

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

court entered an [13] Order Denying Plaintiff's Motion for Reconsideration and Plaintiff was again warned that failure to pay the filing fee within fifteen days would result in dismissal of his case. It was noted that Plaintiff was given t his final opportunity to comply with the previous orders of this Court by paying the filing fee.

Plaintiff's response was to file a [16] Motion for Relief From Order of Judgment on October 10, 2007, which was again denied by the Court on October 19, 2007, by docket entry 18. Plaintiff was given a final fifteen (15) days within which to pay the filing fee and warned that his complaint would be dismissed without further notice if he did not comply with this Order and the Court's previous orders.

The plaintiff has failed to comply with the court's orders of March 28, 2007, April 18, 2007, and August 16, 2007. As previously explained to the plaintiff, this case does not meet the exception provisions of 28 U.S.C. § 1915(g), therefore this court cannot allow him to proceed in forma pauperis. Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir.1998). Since the plaintiff has failed to pay the filing fee, thereby failing to comply with three court orders, this case will be dismissed.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 6th day of November 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE
