```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   HATTIESBURG DIVISION
```

WENDALL DUNCAN                                          PLAINTIFF

VERSUS                         CIVIL ACTION NO. 2:07-cv-145-KS-MTP

BETH HILLMAN, et al.                                   DEFENDANTS

ORDER

This cause comes before this court on plaintiff's Motion to Show Cause and Temporary Restraining Order [29]. The court upon consideration of the plaintiff's motion [29] and memorandum in support [30], has come to the following conclusion.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in <u>Mississippi Power & Light Co. v. United Gas Pipe Co.</u>, 760 F.2d 618 (5th Cir. 1985)(<u>citing</u> <u>Canal Authority of State of Florida v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for a temporary restraining order rests in the sound discretion of the trial court. <u>Canal Authority of State of Florida v. Callaway</u>, 489 F.2d 567, 572 (5th Cir. 1974). However, the movant bears the burden of satisfying the four prerequisites for the extraordinary relief of a temporary restraining order. <u>Id</u>. at 572. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction

will not disserve the public interest. Id. at 572. Each requirement must be met before the court can grant such a drastic remedy as a temporary restraining order. Mississippi Power & Light Co., 760 F.2d at 621. In considering these prerequisites the court must bear in mind that a temporary restraining order is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).

Having considered the plaintiff's motion and arguments contained in his memorandum, this court concludes that he does not meet the requirements for this court to grant his request. Specifically, upon a review of the docket, this court finds that since January 2, 2008, this court has received the plaintiff's correspondence and court documents. Additionally, this court notes that it has recognized that the plaintiff's notice of appeal was not received by this court. With that in mind, as directed by the order [28] of February 12, 2008, this court is allowing the plaintiff an opportunity to file his notice of appeal and if the plaintiff complies with the order of February 12, 2008, this court will consider his claims that a prison official failed to mail to this court his notice of appeal. Therefore, this court will be

2

able to render a meaningful decision concerning the plaintiff filing his notice of appeal without granting a temporary restraining order.  There is no substantial threat that plaintiff will suffer irreparable injury if the temporary restraining order is not granted.

Hence, in light of the foregoing prerequisites and standards, it is clear that plaintiff's motion to show cause and temporary restraining order are denied without a hearing. Therefore, it is hereby,

ORDERED that plaintiff's Motion for Show Cause and Temporary Restraining Order **[29] is DENIED.**

SO ORDERED, this the 22nd day of February, 2008.

>                    *s/Keith Starrett*
>                    UNITED STATES DISTRICT JUDGE